FILED by _____ D.C.
ELECTRONIC
October 20, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**08-CV-61681-Altonaga-Brown**

PETER D. CRESCENZO,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, L. P.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the common law tort of intrusion upon seclusion.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, PETER D. CRESCENZO, is a natural person who resides in Broward County, Florida.

4. Defendant, CAPITAL MANAGEMENT SERVICES, L. P., is believed to be a limited partnership with its principal place of business at Suite 700, 726 Exchange Street, Buffalo, New York 14210.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

> January 30, 2008
> This message is for Peter Crescenzo. This is Marilyn Hubbard calling. I am calling on behalf of my client, US Bank. Give me a call back at 1-800-463-9293. Upon returning my call, you need to use a reference number. That number is 31934536. This call is important. It does need your immediate attention. Give my office a call back, Peter, when you get this message. Thank you.

2

January 31, 2008
Peter Crescenzo. Contact Capital Management. 1-800-463-9293. US Bank.

February 26, 2008
Hi, Peter. It is Rick Nelson with Capital Management. Call me back at 1-800-457-8104. Thank you.

March 5, 2008
Peter. It is Rick Nelson. Call me back at 1-800-457-8104. Thanks.

March 27, 2008
Hi, this message is for Peter Crescenzo. This is Bob Beecham at Capital Management. Mr. Crescenzo I need a return call today at 1-866-899-1517. When you call you need a reference number. Yours is 31934536. The office will be open until 11 PM tonight.

April 1, 2008
Hi, this message is for Mr. Peter Crescenzo. This is Bob Beecham at Capital Management. Mr. Crescenzo I need a return call today at 1-866-899-1517. When you call you will need a reference number. It is 31934536.

11. Based upon information and belief, Defendant left similar or identical messages on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

3

14. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15. Defendant's messages were neither important or urgent.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the

4

purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE SENSE OF URGENCY

20. Plaintiff incorporates Paragraphs 1 through 15.

21. Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

5

22. Plaintiff incorporates Paragraphs 1 through 15.

23. Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector, and the purpose of its communications and by claiming the communication was important and urgent when it was not, all done when it knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. Plaintiff incorporates Paragraphs 1 through 15.

25. By failing to disclose its name, that it is a debt collector, and the purpose of its communication and by claiming the matter was important and urgent when it was not, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

26.    Plaintiff incorporates Paragraphs 1 through 15.

27.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

28.    Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion, and solitude.

29.    Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

30. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

31. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 18 day of October, 2008.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    donyarbrough@mindspring.com

    By: _____
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Peter D. Crescenzo

**DEFENDANTS**

Capital Management Services, L. P.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES) BROWARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339. TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0108cv 61681-altonaga
Brown

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | PTF DEF / PTF DEF (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|---|
| ☐ 1. U.S. Government Plaintiff    ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | Incorporation and Principal Place of Business in This State  1  ☐ 1 |
| ☐ 2. U.S. Government Defendant    ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | Incorporation and Principal Place of Business in Another State  2  2 |
|  | Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 | Foreign Nation ☐ 3 ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa.   1-2  days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
|  | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 110 Insurance | ☐ 310 Airplane  ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act |  |  |  | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights |  |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability  PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine  ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY |  |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle  ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | A LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS  B PRISONER PETITIONS | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act |  | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 530 General* | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) |  |  |  |  |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6. Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 | CLASS ACTION No | DEMAND $ N/A | Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: October 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. _____   Amount: _____
                     Date Paid: _____   M/ifp: _____

544463

S/F 1-2
REV. 9/94